UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFIQ A. SABIR )  12 Civ. 8937 (LAP)
)
v. )  05 Cr. 673 (LAP)
)
UNITED STATES )

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/22/2013

MOTION TO EXPAND THE RECORD

I, Rafiq Sabir, am the pro se movant/plaintiff in the above captioned case. I am making this motion to expand the record on my §2255 motion according to 28 USCS §2255 Rule 7. The documents that I am requesting to add are pertinent to my §2255 motion and were not available when the §2255 motion was submitted.

Ground Two of Dr. Sabir's petition for relief under 28 USCS §2255 is that defense counsel failed to get a forensic expert in audio-engineering to analyze the recording of 20 May 2005 which was the main piece of evidence adduced at trial against Dr. Sabir.

Dr. Sabir told his attorney Edward D. Wilford that on the recording given to him under discovery material, undercover former FBI agent Ali Soufan told Dr. Sabir that there might be "a bullet"; Dr. Sabir told Mr. Wilford that Mr. Soufan never said that to him on 20 May 2005, and that the recording had been altered.

D

RECEIVED MAY 22 2013 PRO SE OFFICE

Dr. Sabir was a board certified internist and had no capability to treat gunshot wounds or any other combat injury. On the recorded conversation of 20 May 2005 Dr. Sabir clearly told Mr. Soufan that he would not do anything outside his expertise, and treating combat trauma is certainly outside of his expertise.

The government responded that Dr. Sabir has no proof that the recordings were altered. This is a major fact at issue that, if proven, would destroy the government's case against Dr. Sabir, since their main contention was that Dr. Sabir intended to treat wounded combatants, and their proof was Mr. Soufan's statement on the recording.

In light of the government's response the authenticity of the recording is directly relate to prejudice prong required under Strickland.

If proven that the recording was altered that would also establish prosecutorial misconduct, which Dr. Sabir claimed on this issue in Ground Six.

Dr. Sabir is in prison and is financially destitute with no resources outside of prison. Due to that Dr. Sabir cannot get access to the recording and cannot get an expert to analyze the recording to prove his point for evidence of tampering.

Dr. Sabir therefore requests that the Court appoint an independent forensic expert in audioengineering to analyze the recording in order to confirm that tampering took place.

Dr. Sabir does not request that the entire recording get analyzed; but only the portion where Mr. Soufan mentions "bullets". Dr. Sabir asks the Court to inform the expert that: 1) Ther is a change in background noise in that segment, (there is no background noise); and 2) Dr. Sabir does not respond because the statement was never made to Dr. Sabir on 20 May 2005.

Dr. Sabir would want the results of that analysis to be made part of the record, and to have copies sent to both parties.

Dr. Sabir Requests this to be done as soon as possible to expedite the proceedings for judicial economy and in the interest of justice.

I declare under penalty of perjury that the foregoing is true and correct. Executed on __16 May 2013__.


_____
Rafiq Sabir

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rafiq A. Sabir | 12 Civ. 8937(LAP) |
| v. | 05 Cr. 673 (LAP) |
| United States | |

### AFFIRMATION OF SERVICE

I, Rafiq A. Sabir, declare under penalty of perjury that I have served a copy of the attached MOTION TO EXPAND THE RECORD, pursuant to 28 USCS §2255 Rule 7

upon the United States Attorney, whose address is

        United States Courthouse Annex
           One Saint Andrews Plaza
      New York, New York   10007-1701

by First Class Mail.

Dated: Ashland, Kentucky
       16 May 2013

_____
Rafiq Sabir

Federal Correctional Institution

Post Office Box 6001

Ashland, Kentucky   41105

