UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK


RAFIQ A SABIR ~~12 Civ. 8937 (LAP)~~

v.

UNITED STATES OF AMERICA    05 Cr. 673 (LAP)

---

## SECOND SUPPLEMENTAL SWORN STATEMENTS

- p.203  I, Rafiq A. Sabir, declare that I am the movant in the above captioned case for post-conviction relief under 28 USCS Section 2255.
- p.204  This second set of Supplemental Sworn Statements are being made in support of the amended motion previously filed.
- p.205  The facts contained herein are based on my personal first-hand knowledge and experiences, as well as some legal research, except where otherwise noted.

- p.206  I am writing these declarations, pro se, as all previous filings on this matter have been pro se.
- p.207  My case is highly complex due to voluminous discovery, of which I still have not ever seen approximately 10,000 pages; more than 3,000 pages of trial transcripts from a 5 week trial; and complex legal issues.  Prior to this case I had no knowledge of law, and never had any training in law before it nor since.
- p.208  Due to my conditions of confinement I was unable to do any legal research until I reached my first designated facility in March 2008.  Still and yet I could not do any research specific to my case until I received trial transcripts, which I did not receive until more than a year later.  It was not until 2012 that I could grasp what constitutes a legal issue and begin to delineate the issues in my case.  Thus, I barely managed to get what I construed as the most important issues typed out and submitted by the deadline for my habeas corpus motion.
- p.209  In writing my petition I construed the instructions on the form "Do not cite case law" quite literally; and I had no idea what a memorandum of law is nor its purpose.  At the time that I mailed in my motion I believed I only needed to type up a list of cases I read that were applicable to my case.
- p.210  In the ensuing months since filing my petition I prepared to reply to the as yet to be filed Government Response; assembled additional exhibits to expand the record; received critical New evidence that was unexpected, prompting my Rule 33 Motion; and filed motions for summary judgement and default judgment, completely unaware of the futility in that.

p.211   After that I began organizing my cases into a massive list and typing it out in the false belief that that constituted a memorandum of law that would support my arguments, and that there was no urgency in completing it.  I was transferred to FCI Danbury in July 2014, and I never completed the list.

p.212   At FCI Danbury I met two inmates whose opinions on law I respected and they, independently, convinced me that since I did not cite case law in my petition I would lose my arguments.  Consequently, I amended my petition first by adding an illegal sentencing argument I was not aware of, and later by rewriting my original petition and citing case law pertaining to my issues.

p.213   The amended petition subsumed the Confrontation Clause issue mentioned in my letter to the Court regarding Ground One, as well as the facts contained in my Rule 33 Motion which I believe proves my innocence.  The Grounds themselves all "Relate Back" to the original petition.

p.214   I am presently at FMC Devens for surgery, and this latest set of declarations I am filing was prompted, in part, by the assertion to me from a fellow inmate on or about 26 June 2015 that the Court would not address my amendments and would not be considered by the Court in rendering a decision.

p.215   Although I have pro bono counsel through C.A.I.R. since about February 2015, I have not been able to get a legal conference arranged to discuss my case with her, so I am taking this step as the only other means I know of to try to secure my rights.

p.216   In pursuing what I perceive as my desperate endeavor that I began 26 June 2015 I discovered several Second Circuit cases that I need to bring to the Court's attention, as follows:

Satchell v. Dilworth, 745 F.2d 781 (2d Cir. 1984)(A pro se plaintiff who brings a civil rights action should be "fairly freely" afforded an opportunity to amend his complaint, even if he makes the request after the court has entered judgment dismissing his original complaint. Bradley v. Coughlin [...] In essence, a pro se litigant should be afforded every reasonable opportunity to demonstrate that he has a valid claim.)

Friedl v. City of New York, 210 F.3d 79 (2d Cir. 1999)([Cites Rule 15(a) that leave of the court]"shall be freely given when justice so requires." [And] "courts should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility. See [...] MacDraw, Inc. "The burden to explain a delay is on the party that seeks leave to amend.")

MacDraw, Inc. v. CIT Group Equip. Fin., Inc., 157 F.3d 848 (2d Cir. 1998)("Although permission to amend should be freely granted [...] the district court plainly has discretion to deny leave to amend 'where the motion is made after an inordinate delay, no satisfactory explantion is made for the delay, and the amendment would prejudice the defendant.' Cresswell v. Sullivan & Cromwell, 922 F.2d 60,72 (2d Cir. 1990). The burden to explain a delay is on the party that seeks leave to amend. See id. In his order denying MacDraw's motion for leave to amend, Judge Chin noted that MacDraw filed the motion over five years after it filed the complaint and more that two years after the close of discovery; that the proposed negligent misrepresentation claim would require additional discovery, causing undue prejudice to the defendants; and that MacDraw's delay was unexplained. Under these circumstances, it was entirely reasonable for the judge to deny leave

to amend the complaint.")

•p.217  Finally, I made an obvious error in my first set of supplemental sworn statements filed with my amended petition at Statement p.198, erroneously typing the date December 2014, which was supposed to have been December 2001.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: ___1 July 2015___

By: _____

    Rafiq Sabir

FMC Devens

Post Office Box 879

Ayer, Massachusetts   01432

# PROOF OF SERVICE

I, __RAFIQ SABIR__, certify that on __1 July__, 20__15__ I mailed a copy of this document and all attachments via First Class mail to the following parties at the addresses listed below:

> United States Attorney
> 1 Saint Andrews Plaza
> New York, New York 10007

# PROOF OF SERVICE FOR INCARCERATED LITIGANTS

In addition to the above Proof of service, all litigants who are currently incarcerated should include the following statement with all documents to be filed with the court:

I certify that this document was given to officials[1] on this date for forwarding to the United States District Court for the District of __Southern District of New York__. I further certify under penalty of perjury that the forgoing is true and correct. Title 28 U.S.C. § 1746.

Respectfully submitted this __1__ day of __July__, 20__15__.

Name: __RAFIQ SABIR__
Number: __55312-066__
FMC Devens, Unit __P-3__
P.O. Box 879
Ayer, Massachusetts 01432

---

[1] Pleadings by prisoners who represent themselves are to be considered filed at the moment such pleadings are delivered to prison authorities for forwarding to clerk. Houston v Lack. 487 U.S. 266 (1988).